**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK,

    Plaintiff,

v.

KEITH A. VANN,

    Defendant.

No. C 12-04023 CRB

**ORDER REMANDING CASE AND GRANTING FEES**

Defendant Keith Vann removed this case from state court on July 31, 2012. See dkt. 1. The Court notes that a Motion to Remand is already on file. See dkt. 7. However, the Court finds this matter suitable for resolution without oral argument or further briefing, pursuant to Civil Local Rule 7-1(b), and REMANDS the case to state court.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,00.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted).

Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. at 566. Further, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

As an initial matter, Defendant's Notice of Removal is procedurally defective, as it fails to attach the state court complaint. See 28 U.S.C. § 1446(a). More problematic, upon review of the complaint submitted by Plaintiff, it is apparent that, indeed, the Court does not have jurisdiction over this case. Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint. See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002). The state court complaint here involves only a claim of unlawful detainer. Bankson Decl. (dkt. 7) Ex. 1 ("Complaint for Unlawful Detainer"). Therefore, no federal question is presented. See Wells Fargo Bank v. Lapeen, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Moreover, because Defendant is what is known as a local defendant (residing in the State in which this action has been brought), there is also no diversity jurisdiction. See Notice of Removal Ex. 2; 28 U.S.C. § 1441(b)(2). Accordingly, the Case is REMANDED to the Superior Court of the State of California, County of Alameda.

Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of removal." Plaintiff argues generally for the award of attorneys' fees in its Motion to Remand. Mot. at 4-5. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress's basic decision to afford Defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140. In this case, there is no basis for federal subject matter jurisdiction.

2

1 Clearly established state and federal law unequivocally prohibit removal under the
2 circumstances of this case, as discussed above. Moreover, Defendant appears to have
3 removed the case in bad faith, as he did so on the day before the hearing on Plaintiff's
4 Motion for Summary Judgment in state court. See Bankson Decl. ¶¶ 3, 4. Thus, the Court
5 finds that there was not an objectively reasonable basis for removal. Accordingly, the Court
6 GRANTS Plaintiff's request for attorneys' fees. The Court ORDERS Plaintiff to file a
7 declaration detailing all fees incurred in response to the Notice of Removal within ten (10)
8 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: August 10, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE