IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK,<br><br>    Plaintiff,<br><br>  v.<br><br>KEITH A. VANN,<br><br>    Defendant. | No. C 12-04023 CRB<br><br>**ORDER DENYING MOTION TO DEEM ADMISSIONS** |

Defendant Keith Vann has filed a document entitled "Motion to Deem Admissions – Petitioner's Request for Admissions – Set 1." This Motion is DENIED. The Court remanded Defendant's case on August 10, 2012. See dkt. 8. The Court terminated Defendant's case the same day. The Court therefore lacks jurisdiction to adjudicate the merits of Defendant's motion. See Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 445 (9th Cir. 1992) (district court is divested of jurisdiction on the merits after remand). Moreover, Defendant has filed an appeal in this case. See dkt. 25. Generally, a district court lacks jurisdiction after a notice of appeal is filed. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 654 (9th Cir. 1991).

The Court has explained its lack of jurisdiction in this case on previous occasions. See Order Denying Emergency Petition for Preliminary Injunction (dkt. 16) (explaining that Court lacked jurisdiction after remand); Order Denying as Moot Motion to Recuse (dkt. 20) (explaining that Court lacked jurisdiction after remand); Order Denying Motion and Ex Parte Motion for Declaratory Judgment (dkt. 43) (explaining that Court lacked jurisdiction after

1  remand).  When Defendant again tried to remove this same case from state court, the Court
2  explained that "it will initiate Rule 11 proceedings should Defendant file further frivolous
3  papers in this Court."  See Case No. 12-5725, Order Remanding Case and Awarding Fees
4  (dkt. 34) at 3:26-4:1.  Because Defendant might not have seen this Order before filing his
5  most recent motion, the Court will not initiate sanctions at this time.  However, further
6  frivolous filings will result in sanctions.

**IT IS SO ORDERED.**

Dated:  March 13, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE